UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MAXUM CASUALTY INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>STEVEN T. TAYLOR, et al.,<br><br>Defendant(s). | Case No. 2:18-CV-1866 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Robert J. Kilroy's motion to dismiss. (ECF No. 10). Plaintiff Maxum Casualty Insurance Company ("Maxum") filed a response (ECF No. 14), to which Kilroy replied (ECF No. 18).

Also before the court is defendants Mary A. Taylor ("Mrs. Taylor") and Steven T. Taylor's (Mr. Taylor") (collectively "the Taylors") motion to dismiss. (ECF No. 12). Maxum filed a response (ECF No. 15), to which the Taylors replied (ECF No. 16).

**I. Facts**

This is a declaratory action in which Maxum requests that the court declare its legal rights and obligations with respect to an insurance policy. The record before the court establishes the following events:

On or about June 4, 2008, Mr. Taylor and Kilroy's vehicles collided into each other, causing significant injury to Kilroy. (ECF Nos. 10, 13, 15, 16). At the time of the collision, Mr. Taylor had an insurance policy with Maxum. *Id*. The policy provided a $1,000,0000 limit for bodily and property damages, per accident. *Id*.

**James C. Mahan**
**U.S. District Judge**

On January 23, 2009, the Taylors commenced an action in Nevada state court for personal injuries against Kilroy. *Id*. After four years of litigation, Kilroy's counterclaims against Mr. Taylor were the only issues remaining in the case. *Id*. The matter went to trial and the jury found that Mr. Taylor and Kilroy were equally liable for the collision. *Id*. The jury awarded $35,000 to Mr. Taylor and $75,000 to Kilroy. (ECF No. 1).

Following the jury verdict, the Taylors and Kilroy filed motions for new trial. (ECF Nos. 10, 12, 15). The state court granted the motions, holding that the jury's liability determination was supported by adequate evidence, but that the jury failed to follow instructions when calculating damages. *Id*. The Taylors appealed and the Nevada Court of Appeals affirmed the state court's order. *Id*.

After the Nevada Court of Appeals remanded the case, the parties stipulated to a binding arbitration. *Id*. The arbitration agreement provided that the scope of arbitration was limited to the issue of damages and that Kilroy would subsequently be able to file a motion for interest, costs, and attorney's fees. *Id*. The arbitrators ultimately found total damages in the amount of $6,758,293.76, for which Mr. Taylor was 50% liable. *Id*. In July 2017, the state court entered judgment consistent with the results of the arbitration. *Id*.

On July 12, 2017, Maxum filed a motion to interplead funds in the amount of $1,000,000. (ECF No. 10-3). The Taylors and Kilroy filed a countermotion requesting that the court adjudicate Maxum's duties under the insurance policy. (ECF Nos. 10-4, 10-5). On September 28, 2017, the state court issued an order (1) dismissing Maxum's motion as being procedurally defective, (2) exercising general jurisdiction over Maxum, and (3) holding that the insurance policy requires Maxum to pay the $1,000,000 limit, interest on the entire judgment, costs, and attorney's fees. (ECF No. 10-7).

Maxum moved for reconsideration of the state court's September 28, 2017, order. (ECF No. 10-8). The state court denied the motion for reconsideration. (ECF No. 10-9). Maxum represents that the state court matter is currently pending before the Nevada Supreme Court. (ECF No. 14).

**James C. Mahan**
**U.S. District Judge**

- 2 -

On October 2, 2018, Maxum initiated this declaratory action seeking the court to declare its rights and duties in connection with the insurance policy. (ECF No. 1). Specifically, Maxum requests that the court hold that it complied with all duties in connection with the policy by (1) paying to Kilroy the policy limit; (2) tendering interest on the judgment, which Kilroy rejected; and (3) tendering $117,465.76 in costs, which Kilroy also rejected. *Id*.

Now the Taylors and Kilroy move to dismiss this action. (ECF Nos. 10, 12).

## II.     Discussion

The Taylors and Kilroy argue that the court should dismiss this declaratory action because it would be inappropriate to exercise jurisdiction. The court agrees.

The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, permits a federal court to "declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. § 2201. The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (internal quotation marks omitted). Thus, a district court is under no compulsion to exercise its jurisdiction. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998).

Under the DJA, courts use a two-part test to determine whether a declaratory action is appropriate. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2004). First, the court must determine if there exists an actual case or controversy within the court's jurisdiction. *Id*. This actual controversy requirement is the same as the case or controversy requirement of Article III of the United States Constitution. *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). Second, if there exists an actual controversy, the court must use its discretion and decide whether it is appropriate to exercise its jurisdiction. *Id*.

   *a. There exists an actual controversy between Maxum and the defendants*

Courts determine whether there is an actual case or controversy by considering "whether the facts alleged, under all of the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127

1  (2007). Courts cannot grant declaratory relief based on hypothetical facts or speculative issues. *See id.* at 126–35. Rather, the dispute must be "definite and concrete." *Id.* at 127.

The sole controversy in this action concerns Maxum's rights and obligations under the insurance policy. Kilroy, who has rejected Maxum's tender of interest and costs, and the Taylors disagree with Maxum's interpretation of the policy with regards to the amount that Maxum must pay. These facts show that there is a live, concrete controversy between Maxum and the defendants. *See Dizol*, 133 F.3d at 1222 n.2 ("a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement"); *see also Benchmark Ins. Co. v. Dismon Corp.*, 262 F. Supp. 3d 991, 998 (C.D. Cal. 2017).

### b. Exercising jurisdiction would be inappropriate

When examining the propriety of exercising jurisdiction in a declaratory action, courts consider the following *Brillhart* factors: (1) avoiding needless determination of state law issues; (2) discouraging forum shopping; and (3) preventing duplicative litigation. *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011). Courts can also rely on other considerations, such as the action's ability to settle all aspects of the controversy. *Dizol*, 133 F.3d at 1225 n.5. However, "[t]he *Brillhart* factors remain the philosophic touchstone for the district court." *Id.* at 1225.

#### i. Exercising jurisdiction would result in needless determination of state law issues

This case exclusively involves state law contract questions. The state court has already exercised jurisdiction over the parties and is in the process of adjudicating these state law questions. Thus, exercising jurisdiction would require the court to intrude into a matter before the state court by unnecessarily deciding relevant issues of state law. *R.R. Street & Co. Inc.*, 656 F.3d at 975 (holding that deciding a basic issue of state law weighs against exercising jurisdiction). Maxum has not provided any compelling reason for the court to commit such an intrusion.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

### ii. Maxum is engaged in forum shopping

Reactive declaratory actions, which consist of a litigant initiating a federal declaratory action while there is a state court action involving the same issues, are an archetypal form of forum shopping. *R.R. Street & Co. Inc.*, 656 F.3d at 976; *American Casualty Co. of Reading, Pennsylvania v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999). The Ninth circuit has "instructed that federal courts should generally decline to entertain reactive declaratory actions.'" *R.R. Street & Co. Inc.*, 656 F.3d at 974 (quoting *Dizol*, 13 F.3d at 1225).

Maxum has already participated in a state court action that has examined the terms of the insurance policy and determined Maxum's obligations under the contract. After Maxum received an unfavorable ruling in state court, it initiated this federal action to receive a favorable ruling on the terms of the same insurance policy. Thus, this case is a reactive declaratory action and Maxum is engaged in forum shopping. *Id*. at 981 (requiring courts to consider the vexatious or reactive nature of the litigation).

### iii. Adjudicating this action would result in duplicative litigation

This case and the state court action involve the same contract, the same payments, and the same alleged breach. The state court has already ruled on the terms of the policy and Maxum's obligations to the defendants. (ECF No. 10-7). Moreover, there appears to be an ongoing appeal pertaining to the state court litigation. Exercising jurisdiction in this scenario would merely create a superfluous parallel proceeding that rehashes issues currently pending before the state court. *See National Chiropractic Mut. Ins. Co. v. Doe*, 23 F. Supp. 2d 1109, 1123 (D. Ala. 1998) ("Duplicative litigation of the same factual issues . . . should be avoided.").

### iv. Secondary factors

Because the *Brillhart* factors are not exhaustive, the court will briefly examine ancillary considerations. The Ninth Circuit has enumerated the following secondary factors: "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata'

advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems." *Dizol*, 133 F.3d at 1225 n.5.

The court is not aware of any useful purpose that will result from the court adjudicating this case. Rather, it appears that Maxum is using this declaratory action to circumvent the state court's authority. Thus, proceeding with this action would only entangle the federal and state court systems and delay finality for the parties.

### III. CONCLUSION

The court finds that all three *Brillhart* factors and the secondary factors weigh against exercising jurisdiction. Therefore, the court will dismiss this action without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Kilroy's motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that the Taylors' motion to dismiss (ECF No. 12) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that the matter of *Maxum Casualty Insurance Company v. Taylor et al.*, case number 2:18-cv-01866-JCM-CWH, be, and the same hereby is, DISMISSED without prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED May 10, 2019.

UNITED STATES DISTRICT JUDGE