UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MAXUM CASUALTY INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>STEVEN T. TAYLOR, et al.,<br><br>Defendant(s). | Case No. 2:18-CV-1866 JCM (CWH)<br><br>ORDER |

Presently before the court is the matter of *Taylor et al. v. Kilroy et al.*, case number 2:19-cv-00081-JCM-CWH ("Taylor/Kilroy counterclaim"), which has been consolidated with *Maxum Casualty Insurance Company v. Taylor et al.*, case number 2:18-cv-01866-JCM-CWH ("declaratory action"). (*Taylor*, ECF No. 27); (*Maxum*, ECF No. 30).[1]

Pending before the court is plaintiffs/counterclaimants Steven Taylor ("Mr. Taylor") and Mary Taylor's ("Mrs. Taylor") (collectively "Taylors") motion to remand. (*Taylor*, ECF No. 9). Counterdefendants Maxum Casualty Insurance Company and Maxum Specialty Insurance Group (collectively "Maxum") filed a response (*Taylor*, ECF No. 23), to which the Taylors replied (*Taylor*, ECF No. 25).

Also before the court is defendant/counterclaimant Robert Kilroy's motion to remand. (*Taylor*, ECF No. 11). Maxum filed a response (*Taylor*, ECF No. 24), to which Kilroy replied (*Taylor*, ECF No. 26).

---

[1] For ease of reference, citations to the Taylor/Kilroy counterclaim record will be indicated by "(*Taylor*, ECF No. ___)." Citations to the declaratory action record will be indicated by "(*Maxum*, ECF No. ___)."

**James C. Mahan**
**U.S. District Judge**

Also before the court is Maxum's motion to dismiss. (*Taylor*, ECF No. 5). The Taylors filed a response (*Taylor*, ECF No. 10), to which Kilroy joined (*Taylor*, ECF No. 14), and to which Maxum replied (*Taylor*, ECF No. 22).

**I.     Background**

The court has extensively discussed the factual and procedural background of this action in prior orders. (*Maxum*, ECF Nos. 31, 43). Because these events are well known to the parties, the court will discuss only those relevant to the instant motions, as follows:

On or about June 4, 2008, Mr. Taylor and Kilroy's vehicles collided into each other, causing significant injury to Kilroy. (*Maxum*, ECF Nos. 10, 13, 15, 16). At the time of the collision, Mr. Taylor had an insurance policy with Maxum. *Id*. The policy provided a $1,000,000 limit for bodily and property damages, per accident. *Id*.

On January 23, 2009, the Taylors commenced an action against Kilroy in Nevada state court for personal injuries ("underlying action"). *Id*. After four years of litigation, Kilroy's counterclaims against Mr. Taylor were the only issues remaining in the case. *Id*. In May 2013, the matter went to trial and the jury found that Mr. Taylor and Kilroy were equally liable for the collision. *Id*. The jury awarded $35,000 to Mr. Taylor and $75,000 to Kilroy. (*Maxum*, ECF No. 1).

Following the jury verdict, the Taylors and Kilroy filed motions for new trial. (*Maxum*, ECF Nos. 10, 12, 15). The state court granted the motions, holding that the jury's liability determination was supported by adequate evidence, but that the jury failed to follow instructions when calculating damages. *Id*. The Taylors appealed and the Nevada Court of Appeals affirmed the state court's order. *Id*.

After the Nevada Court of Appeals remanded the case, the parties stipulated to a binding arbitration. *Id*. The arbitration agreement provided that the scope of arbitration was limited to the issue of damages and that Kilroy would subsequently be able to file a motion for interest, costs, and attorney's fees. *Id*. In June 2017, the arbitrators ultimately found total damages in the amount of $6,758,293.76, for which Mr. Taylor was 50% liable. *Id*. In July 2017, the state court entered judgment consistent with the results of the arbitration. *Id*.

James C. Mahan
U.S. District Judge

- 2 -

On July 12, 2017, Maxum filed a motion to interplead funds in the amount of $1,000,000. (*Maxum*, ECF No. 10-3). The Taylors and Kilroy filed a countermotion requesting that the court adjudicate Maxum's duties under the insurance policy. (*Maxum*, ECF Nos. 10-4, 10-5). On September 28, 2017, the state court issued an order (1) dismissing Maxum's motion as being procedurally defective, (2) exercising general jurisdiction over Maxum, and (3) holding that the insurance policy requires Maxum to pay the $1,000,000 limit, with interest on the entire judgment, costs, and attorney's fees. (*Maxum*, ECF No. 10-7).

Maxum moved for reconsideration of the state court's September 28, 2017 order. (*Maxum*, ECF No. 10-8). The state court denied the motion for reconsideration. (*Maxum*, ECF No. 10-9).

On October 2, 2018, Maxum initiated the declaratory action seeking a declaration of its rights and duties in connection with the insurance policy. (*Maxum*, ECF No. 1). The Taylors and Kilroy both filed motions to dismiss. (*Maxum*, ECF Nos. 10, 12).

On December 21, 2018, the Taylors and Kilroy filed the Taylor/Kilroy counterclaim[2] against Maxum in Nevada state court alleging five causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of the Nevada Trade Practices Act, NRS 686A.310, *et seq.*; (4) punitive damages; and (5) declaratory relief. (*Taylor*, ECF No. 1). Maxum removed the Taylor/Kilroy counterclaim on January 11, 2019. *Id.* On March 26, 2019, the Taylor/Kilroy counterclaim was consolidated with the declaratory action. (*Taylor*, ECF No. 27); (*Maxum*, ECF No. 30).

On May 10, 2019, the court entered an order granting the Taylors and Kilroy's motions to dismiss the declaratory action ("dismissal order" or "May 10, 2019 order"). (*Maxum*, ECF No. 31). Pursuant to the court's December 3, 2019 order (*Maxum*, ECF No. 43) granting Maxum's subsequent motion for clarification (*Maxum*, ECF No. 33), the Taylor/Kilroy counterclaim remains before the court.

---

[2] Maxum contends that it was never formally joined as a party in the underlying state action, such that the Taylor/Kilroy "counterclaim" is not a counterclaim at all. (*Taylor*, ECF Nos. 23, 24); (*Maxum*, ECF No. 33). The court will address the merits of this argument below.

Now, the Taylors and Kilroy request that the Taylor/Kilroy counterclaim be remanded to state court. (*Taylor*, ECF Nos. 9, 11). Maxum requests that the Taylor/Kilroy counterclaim be dismissed. (*Taylor*, ECF No. 5).

## II. Legal Standard

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable. *Id.* (quoting 28 U.S.C. § 1446(b)(3)). Further, Title 28 U.S.C. § 1446(c)(1) provides that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Title 28 U.S.C. § 1450 provides that, whenever an "action" is removed from state court to federal court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. What constitutes a cognizable legal action in state court is determined by

reference to the state's own laws and rules of procedure. *See Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005). A federal court must therefore "honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court …." *Id*. (citing and quoting with approval *Cannon v. Kroger Co.*, 837 F.2d 660, 664 (4th Cir.1988)).

§ 1450 was designed "to deal with the unique problem of a shift in jurisdiction in the middle of a case which arises whenever cases are removed from state to federal court." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 435 (1974). As the Supreme Court found in *Granny Goose*, the statute serves to promote the judicial economy "by providing that proceedings had in state court shall have force and effect in federal court, so that pleadings filed in state court, for example, need not be duplicated in federal court." *Id*. at 435–36 (footnote omitted). § 1450 allows a federal court to "take[ ] the case up where the State court left it off" after removal. *Id*. at 436 (quoting *Duncan v. Gegan*, 101 U.S. 810, 812 (1880)).

Although primarily enacted as a means to promote the judicial economy, § 1450 also authorizes district courts to dissolve or modify state court orders entered prior to removal. After a case has been removed to federal court, "it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *Granny Goose*, 415 U.S. at 437.

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

### III. Discussion

The Taylors and Kilroy make three separate arguments for why the Taylor/Kilroy counterclaim should be remanded. The Taylors argue that Maxum's notice of removal is ineffective because Maxum did not remove the entire underlying action in which the

Taylor/Kilroy counterclaim was filed. (*Taylor*, ECF No. 9). Maxum responds that the filing of the Taylor/Kilroy counterclaim commenced a new action and that the notice of removal was thus proper. (*Taylor*, ECF No. 23).

Kilroy contends that Maxum's notice of removal was untimely because Maxum first appeared in the underlying state court action on July 12, 2017 but did not remove the Taylor/Kilroy counterclaim until January 11, 2019. (*Taylor*, ECF No. 11). Kilroy also argues that Maxum lacked statutory authority to remove this counterclaim because Maxum is not a defendant in the underlying action. *Id*. Maxum responds that it was never made a party to the underlying action, such that the timeline for removal didn't start running until the Taylor/Kilroy counterclaim was filed on December 21, 2018. (*Taylor*, ECF No. 24). Maxum further responds that it had authority to remove this case because the Taylor/Kilroy counterclaim commenced a new action against Maxum as a defendant. *Id*.

On September 28, 2017, the state court judge handling the underlying action entered an order stating, in relevant part:

> Maxum has appeared as a party in this case, and has subjected itself voluntarily to the court's general jurisdiction. Although Maxum claims it was merely trying to pay the policy limits of the insurance policy at issue, the court notes that Maxum added itself to the caption of the case, and further finds that it requested further relief of this court, to include injunctive relief far beyond merely paying its policy limits into the court, and asked the court to enjoin the parties from litigating Maxum's responsibilities under the policy.
>
> In attempting to invoke Rule 22, Maxum has indicated that it has a limited stake to pay, and so invited Kilroy's countermotion, as well as Taylor's joinder to the countermotion. Maxum, having appropriated to itself the status of a party in this case, to include adding itself to the case caption has placed itself in the jurisdiction of this court, and has placed at issue its obligations under the insurance policy, subject to the jurisdiction of this court. This court therefore has jurisdiction over all issues having to do with the Maxum policy of insurance.

(*Taylor*, ECF No. 11, Exhibit L). The state court judge explicitly found that Maxum, by its own conduct, made itself a party to the underlying action. *Id*. Based on that finding, the state court judge then determined Maxum's further obligations to Kilroy under the insurance policy. *Id*.

Pursuant to § 1450, that order is to be given full force and effect until dissolved or modified by the district court. In light of the primary purpose of § 1450—to promote the judicial

economy—the court declines to second-guess the state court judge's determination that Maxum became a party to the underlying action when it filed its motion to interplead funds on July 12, 2017. That finding was integral to the state court judge's grant of Kilroy's countermotion, and was likely the basis for which the Taylors and Kilroy were given leave to amend their respective pleadings with the counterclaims now alleged in the Taylor/Kilroy counterclaim. To upend that finding now would call into question several of the state court judge's rulings and further delay the timely resolution of this action.

Because Maxum became a party to the underlying action on July 12, 2017 but did not remove the Taylor/Kilroy counterclaim until January 11, 2019, its notice of removal was untimely filed. Pursuant to § 1446(c)(1), remand is appropriate here because: (1) jurisdiction over this matter is conferred by § 1332; (2) Maxum filed its notice of removal approximately eighteen months after it became a party to the underlying action; and (3) there has been no showing that either Kilroy or the Taylors acted in bad faith to prevent Maxum from removing this action. *See* 28 U.S.C. § 1446(c)(1). Accordingly, Maxum has not met its burden of showing that removal was proper, and the Taylor/Kilroy counterclaim will be remanded to state court.

Having now determined that the Taylor/Kilroy counterclaim will be remanded based on the untimeliness of Maxum's notice of removal, the court declines to address whether remand would also be appropriate based on Maxum's purported failure to remove the entire underlying action. The court also declines to address Kilroy's argument that Maxum lacked the authority to remove this action under Title 28 U.S.C. § 1441 because, regardless of whether Maxum had the authority to remove, remand is warranted due to the untimeliness of the notice of removal.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Taylors' motion to remand (*Taylor*, ECF No. 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Kilroy's motion to remand (*Taylor*, ECF No. 11) be, and the same hereby is, GRANTED.

1    IT IS FURTHER ORDERED that Maxum's motion to dismiss (*Taylor*, ECF No. 5) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that the matter of *Taylor et al. v. Kilroy et al.*, case number 2:19-cv-00081-JCM-CWH, be, and the same hereby is, REMANDED.

The clerk shall close the case accordingly.

DATED December 6, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**